**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (LR 5733)
Phillip Kim, Esq. (PK 9384)
275 Madison Ave., 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
pkim@rosenlegal.com

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RIMON BEKHET, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EKSO BIONICS HOLDINGS, INC., THOMAS LOOBY, and MAXIMILIAN SCHEDER-BIESCHIN,<br><br>Defendants. | Case No:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Rimon Bekhet ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, inter alia, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Ekso Bionics Holdings, Inc. ("Ekso" or the "Company"), analysts' reports and advisories about the Company, and

1

information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a federal securities class action on behalf of a class consisting of all persons and entities other than Defendants who purchased or otherwise acquired the publicly traded securities of Ekso between March 15, 2017 and December 27, 2017, both dates inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

## JURISDICTION AND VENUE

2. The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and §78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

3. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and §27 of the Exchange Act.

4. Venue is proper in this Judicial District pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as Defendants conduct business in this Judicial District.

5. In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6. Plaintiff, as set forth in the accompanying Certification, purchased Ekso securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

7. Defendant Ekso designs, develops, and sells exoskeletons for use in the healthcare, industrial, military, and consumer markets in North America, Europe, the Middle East, and Africa. The Company is incorporated in Nevada and its principal executive offices are located at 1414 Harbour Way South, Suite 1201, Richmond, California 94804. Ekso's common stock is traded on the Nasdaq Capital Market ("NASDAQ") under the ticker symbol "EKSO."

8. Defendant Thomas Looby ("Looby") has been Chief Executive Officer ("CEO") and President of Ekso since April 18, 2016 and since October 8, 2014, respectively.

9. Defendant Maximilian Scheder-Bieschin ("Scheder-Bieschin") has been the Chief Financial Officer ("CFO") of Ekso since January 2014.

10. Defendants Looby and Scheder-Bieschin are sometimes referred to herein as the "Individual Defendants."

11. Each of the Individual Defendants:

(a) directly participated in the management of the Company;

(b) was directly involved in the day-to-day operations of the Company at the highest levels;

(c) was privy to confidential proprietary information concerning the Company and its business and operations;

(d) was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

3

(e) was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

(f) was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

(g) approved or ratified these statements in violation of the federal securities laws.

12. The Company is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

13. The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to the Company under *respondeat superior* and agency principles.

14. The Company and the Individual Defendants are referred to herein, collectively, as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Materially False and Misleading Statements

15. On March 15, 2017, the Company filed a Form 10-K for the fiscal year ended December 31, 2016 (the "2016 10-K") with the SEC, which provided the Company's year-end financial results and position and stated that the Company's internal control over financial reporting and disclosure controls and procedures were effective as of December 31, 2016. The 2016 10-K was signed by Defendants Looby and Scheder-Bieschin. The 2016 10-K contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by Defendants Looby and Scheder-Bieschin attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

16. On May 9, 2017, the Company filed a Form 10-Q for the quarter ended March 31, 2017 (the "1Q 2017 10-Q") with the SEC, which provided the Company's first quarter 2017 financial results and position. The 1Q 2017 10-Q stated that the Company's disclosure controls and procedures were effective as of March 31, 2017, and that "[t]here were no changes in our internal control over financial reporting that occurred during the most recent fiscal quarter that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting." The 1Q 2017 10-Q was signed by Defendants Looby and Scheder-Bieschin. The 1Q 2017 10-Q contained signed SOX certifications by Defendants Looby and Scheder-Bieschin attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

17. On August 7, 2017, the Company filed a Form 10-Q for the quarter ended June 30, 2017 (the "2Q 2017 10-Q") with the SEC, which provided the Company's second quarter 2017 financial results and position. The 2Q 2017 10-Q stated that the Company's disclosure controls and procedures were effective as of June 30, 2017, and that "[t]here were no changes in our internal control over financial reporting that occurred during the most recent fiscal quarter that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting." The 2Q 2017 10-Q was signed by Defendants Looby and Scheder-Bieschin. The 2Q 2017 10-Q contained signed SOX certifications by Defendants Looby and Scheder-Bieschin attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

18. On November 8, 2017, the Company filed a Form 10-Q for the quarter ended September 30, 2017 (the "3Q 2017 10-Q") with the SEC, which provided the Company's third quarter 2017 financial results and position. The 3Q 2017 10-Q stated that the Company's disclosure controls and procedures were effective as of September 30, 2017, and that "[t]here were no changes in our internal control over financial reporting that occurred during the most recent fiscal quarter that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting." The 3Q 2017 10-Q was signed by Defendants Looby and Scheder-Bieschin. The 3Q 2017 10-Q contained signed SOX certifications by Defendants Looby and Scheder-Bieschin attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

19. The statements referenced in ¶¶15-18 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) there was a material weakness in Ekso's internal control over financial reporting and Ekso's disclosure controls and procedures were not effective; and (2) as a result, Defendants' public statements were materially false and misleading at all relevant times.

## The Truth Emerges

20. On December 14, 2017, during aftermarket hours, Ekso filed a Form 8-K with the SEC stating "that the Company's internal control over financial reporting was not effective at December 31, 2016 and, accordingly, its disclosure controls and procedures were not effective at December 31, 2016 or for subsequent interim periods," stating in pertinent part:

**Item 8.01 Other Events**

On December 8, 2017, OUM & Co. LLP ("OUM") notified Ekso Bionics Holdings, Inc. (the "Company") that it had concluded that its report on the effectiveness of the Company's internal control over financial reporting as of December 31, 2016 should no longer be relied upon and that a material weakness in the Company's internal control over financial reporting existed as of such date. This material weakness has not resulted in a restatement of the Company's consolidated financial statements or footnote disclosures for any periods through and including the fiscal year ended December 31, 2016.

OUM has reconfirmed its unqualified opinion on the fairness of the Company's financial statements included in the Annual Report on Form 10-K for the year ended December 31, 2016 (the "2016 10-K").

As part of its original audit of the Company's financial statements included in the 2016 10-K, OUM assessed the Company's internal control over financial reporting as of December 31, 2016. At that time, OUM and the Company concluded that the Company maintained effective internal control over financial reporting as of December 31, 2016.

Subsequent to the issuance of the 2016 10-K, the Public Company Accounting Oversight Board conducted an inspection of OUM's 2016 audit of the Company. As a result, OUM reevaluated the Company's information technology (IT) general controls, and has now concluded that a "material weakness" existed as of December 31, 2016.

As a result of the identified material weakness, OUM has performed additional testing on the Company's financial statements as of and for the year ended December 31, 2016 to reconfirm their opinion on the fairness of the financial statements included in the 2016 10-K without reliance on the effectiveness of the Company's internal controls. As noted above, OUM has now reconfirmed its unqualified opinion on the fairness of the Company's financial statements included in the 2016 10-K.

After consultation with OUM, management has now concluded that the Company's internal control over financial reporting was not effective at December 31, 2016 and, accordingly, its disclosure controls and procedures were not effective at December 31, 2016 or for subsequent interim periods. As a natural course of business, management has, over the course of 2017, been working to further strengthen its internal controls. Specifically, the Company has implemented a more robust accounting and enterprise resource planning system with software provided by Infor (which became operational in October 2017).

> We plan to amend our Annual Report on Form 10-K for the fiscal year ended December 31, 2016 and our Quarterly Reports on Form 10-Q for the periods ended March 31, 2017, June 30, 2017 and September 30, 2017 to reflect the conclusion by management that there was a material weakness in internal control over financial reporting and that our disclosure controls and procedures were not effective as of the end of the periods covered by these reports. OUM's auditor's report on the Company's internal control over financial reporting will also be revised to state that the Company's internal control over financial reporting at December 31, 2016 was not effective.
>
> The Company's Audit Committee as well as senior management discussed the matters described in this Item 8.01 with representatives of OUM.

21. On this news, shares of Ekso fell $0.15 per share, or over 6%, from its previous closing price to close at $2.28 per share on December 15, 2017, damaging investors.

22. Then, on December 27, 2017, during aftermarket hours, Ekso filed with the SEC its amended annual report for 2016 and amended quarterly reports for the first three quarters of 2017.

23. On this news, shares of Ekso fell $0.34 per share, or over 13%, from its previous closing price to close at $2.23 per share on December 28, 2017, damaging investors.

24. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired the publicly traded securities of Ekso during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times,

8

members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

26.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Ekso securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by the Company or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

27.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

28.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

29.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the financial condition, business, operations, and management of the Company;

- whether Defendants' public statements to the investing public during the Class Period omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;

- whether the Individual Defendants caused the Company to issue false and misleading SEC filings and public statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading SEC filings and public statements during the Class Period;

- whether the prices of Ekso securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

30. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

31. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- Ekso securities are traded in efficient markets;

- the Company's securities were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NASDAQ, and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased and/or sold Ekso securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

32. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

33. Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### Violation of Section 10(b) of The Exchange Act and Rule 10b-5
### Against All Defendants

34. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

35. This Count is asserted against the Company and the Individual Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

36. During the Class Period, the Company and the Individual Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

37. The Company and the Individual Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

- employed devices, schemes and artifices to defraud;

- made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

- engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of Ekso securities during the Class Period.

38. The Company and the Individual Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of the Company

12

were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. These defendants by virtue of their receipt of information reflecting the true facts of the Company, their control over, and/or receipt and/or modification of the Company's allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning the Company, participated in the fraudulent scheme alleged herein.

39. Individual Defendants, who are the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other personnel of the Company to members of the investing public, including Plaintiff and the Class.

40. As a result of the foregoing, the market price of Ekso securities was artificially inflated during the Class Period. In ignorance of the falsity of the Company's and the Individual Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of Ekso securities during the Class Period in purchasing Ekso securities at prices that were artificially inflated as a result of the Company's and the Individual Defendants' false and misleading statements.

41. Had Plaintiff and the other members of the Class been aware that the market price of Ekso securities had been artificially and falsely inflated by the Company's and the Individual Defendants' misleading statements and by the material adverse information which the

Case 1:18-cv-00001-KAM-CLP Document 1 Filed 01/02/18 Page 14 of 16 PageID #: 14

Company's and the Individual Defendants did not disclose, they would not have purchased Ekso securities at the artificially inflated prices that they did, or at all.

42. As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

43. By reason of the foregoing, the Company and the Individual Defendants have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the Plaintiff and the other members of the Class for substantial damages which they suffered in connection with their purchases of Ekso securities during the Class Period.

## COUNT II
### Violation of Section 20(a) of The Exchange Act
### Against The Individual Defendants

44. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

45. During the Class Period, the Individual Defendants participated in the operation and management of the Company, and conducted and participated, directly and indirectly, in the conduct of the Company's business affairs. Because of their senior positions, they knew the adverse non-public information regarding the Company's business practices.

46. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to the Company's financial condition and results of operations, and to correct promptly any public statements issued by the Company which had become materially false or misleading.

47. Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which the Company disseminated in the marketplace during the Class

14

Period. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause the Company to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of the Company within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Ekso securities.

48. Each of the Individual Defendants, therefore, acted as a controlling person of the Company. By reason of their senior management positions and/or being directors of the Company, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, the Company to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of the Company and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

49. By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by the Company.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B. Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

  C. Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

  D. Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: January 2, 2018       Respectfully submitted,

               **THE ROSEN LAW FIRM, P.A.**

               By: /s/Phillip Kim
               Laurence M. Rosen, Esq. (LR 5733)
               Phillip Kim, Esq. (PK 9384)
               275 Madison Avenue, 34th Floor
               New York, NY 10016
               Telephone: (212) 686-1060
               Fax: (212) 202-3827
               Email: lrosen@rosenlegal.com
                   pkim@rosenlegal.com

               *Counsel for Plaintiff*